### SACKS v. SACKS et al.

(Supreme Court, Appellate Term. June 29, 1911.)

BILLS AND NOTES (§ 527*)—DEFENSES—PAYMENT—EVIDENCE.

In an action on a note, a verdict sustaining a defense of payment *held* contrary to the weight of the evidence.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 527.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Max Sacks against Sam Sacks and another. From a Municipal Court judgment in favor of defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

H. & H. S. Mendelsohn, for appellant.

Harry G. Guttman, for respondents.

GUY, J. Plaintiff sued upon a promissory note made by defendants for the sum of $50. The defense was payment, and one of the defendants took the burden of proof.

His claim is that the plaintiff came to his house and demanded pay-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment of the balance due on the note, that he took him to a butcher shop and gave the butcher the money, and that the plaintiff gave the butcher the note, who, with the consent of the parties, then tore up and destroyed the note. He also testified that he never gave the plaintiff but one note, which was the one destroyed. In rebuttal the plaintiff testified that he had put $250 in defendants' business, for which he had received notes; that in June defendants paid all but two notes, of $50 each; that later on he paid such defendant the check which defendant claimed he paid towards the last note; that when defendant paid the balance of that note they went to the butcher and he destroyed *that* note; that the note thus destroyed was the first note remaining unpaid. The butcher was not sworn, nor his absence accounted for. Plaintiff is corroborated about the note in suit, and the note is presented in court.

The judgment is manifestly against the weight of evidence, and should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.